FILED

NOV 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT LEE ELLIS, | No. 17-56289 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-03357-JFW-AGR |
| v. | |
| J. JOHNSON, CC1, in official capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted November 8, 2019
Pasadena, California

Before: FARRIS and McKEOWN, Circuit Judges, and KENDALL,[**] District Judge.

Robert Lee Ellis is a prisoner within the California Department of

Corrections and Rehabilitation ("CDCR"). In 2016, a CDCR Classification

Committee referred Ellis for assignment of an R-Suffix custody designation, which

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

is applied to "inmates who have a history of specific sex offenses as outlined in Penal Code (PC) Section 290." 15 CCR § 3377.1(b). The Classification Committee based its determination on two previous arrests in April 2011 and January 2012, for charges including attempted rape, sexual battery, and rape. Ellis was not prosecuted in either case. Ellis was also restricted from having overnight family visits, and because one of his crimes involved a minor, Ellis was restricted from having contact visits with minors, including his own children.

After unsuccessfully appealing his custody designations within the prison system, Ellis filed suit against various prison officials involved in the classification process. The district court dismissed the complaint on screening, granting Ellis leave to amend. The district court then dismissed Ellis's amended complaint, concluding that he had not corrected the deficiencies in his first complaint.

We review *de novo* the district court's dismissal on screening, construing Ellis's pro se complaint liberally. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). We accept factual allegations in the complaint as true and construe reasonable inferences in Ellis's favor. *Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014).

On appeal, Ellis alleges violations of his procedural due process rights, his substantive fundamental rights, and his Eighth Amendment rights. All of Ellis's arguments are ultimately unsuccessful.

To determine whether a plaintiff's right to procedural due process has been violated, we conduct a two-step inquiry, asking: (1) is there a liberty interest that the state has interfered with; and (2) were the procedures leading to the deprivation constitutionally sufficient. *Am. Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1058 (9th Cir. 2012). In some cases, the classification of an inmate as a sex offender may establish a liberty interest when the stigmatizing classification is coupled with some resulting deprivation. *See Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997).

We start and end at the first step, because Ellis has failed to allege a liberty interest at stake. On appeal, Ellis alleges that, as a result of the R-Suffix, he is prohibited from having contact visits with his children and will be required to register as a sex offender.[1] These alleged consequences, however, do not result from the R-Suffix designation. Despite what Ellis alleges, neither 15 CCR § 3377.1(b) nor Cal. Penal Code § 290 require an offender with an R-Suffix designation to register as a sex offender.[2] Nor does the relevant regulation,

---

[1] Ellis also alleges that the R-Suffix prevents him from receiving a "Rehabilitated Certificate" or off-grounds work clearance. The former argument does not appear to be correct, *see* 15 CCR § 3377.1(b)(11), and the latter argument is undeveloped on appeal, *see United States v. Alonso*, 48 F.3d 1536, 1544 (9th Cir. 1995).

[2] Because the statutes and regulations cited in the record are sufficient to establish that the imposition the R-Suffix does not require an individual to register as a sex offender, the Court declines to take the rare step of supplementing the record on appeal. *See Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)

3                                                                 17-56289

15 CCR § 3173.1, support Ellis's argument that his visitation restrictions with minors resulted from his R-Suffix. The visiting restriction was instead a function of an individual determination made by the Classification Committee pursuant to 15 CCR § 3173.1(e), not the result of some automatic function of the R-Suffix. Because his amended complaint did not properly allege a deprivation resulting from the R-Suffix, Ellis has failed to establish the liberty interest required to state a procedural due process claim. *Cf. Masto*, 670 F.3d at 1058 ("While stigma alone is inadequate to affect a liberty interest, stigma plus an alteration in legal status can encroach on a cognizable liberty interest.").

Ellis has likewise failed to allege the violation of any substantive, fundamental right under the First or Fourteenth Amendments. Incarceration necessarily carries with it the loss of certain constitutional protections, and "[p]risoners retain only those rights not inconsistent with their status as prisoners or with the legitimate penological objectives of the corrections system." *Gerber v. Hickman*, 291 F.3d 617, 620 (9th Cir. 2002) (en banc) (internal quotation marks omitted). This Court has previously made clear that prisoners do not have a constitutional right to contact visits, even with their family members. *See, e.g., Dunn v. Castro*, 621 F.3d 1196, 1201 (9th Cir. 2010); *Gerber*, 291 F.3d at 621;

(noting that the Ninth Circuit "rarely take[s] judicial notice of facts presented for the first time on appeal"). Defendants' motion for judicial notice is therefore denied.

17-56289

*Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam).

Ellis fares no better in his Eighth Amendment argument. In his complaint, Ellis does not allege that he was deprived of all visits, or even all contact visits. He alleges only that he is restricted from contact visits with minors. An Eighth Amendment claim on such grounds is foreclosed by *Toussaint v. McCarthy*, which holds that the "[d]enial of contact visitation simply does not amount to the infliction of pain." 801 F.2d 1080, 1113 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Finally, Ellis argues that even if he failed to state a claim, he should have been granted additional leave to amend his complaint. This Court reviews the district court's denial of leave to amend for an abuse of discretion. *Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017). If a plaintiff has previously been granted leave to amend yet failed to cure the deficiencies, the district court has broad discretion to deny additional leave to amend. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

Regarding his procedural due process claim, Ellis twice failed to allege a valid liberty interest, despite the district court's explanation that, without more, the R-Suffix designation was insufficient to establish a liberty interest. Regarding Ellis's other claims, they are clearly foreclosed and there is no amendment that could cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (noting

17-56289

that leave to amend need not be granted if "the pleading could not possibly be cured by the allegation of other facts" (internal quotation marks omitted)). The district court did not abuse its discretion by declining to grant further leave to amend.

The district court's dismissal of the case is **AFFIRMED**.